## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

**CARL EDWARD DOTSON**                                   **PLAINTIFF**
**ADC #122778**

**V.**                        **NO. 3:26-cv-185-DPM-ERE**

**COWGILL,** *et al.*                                    **DEFENDANTS**

## ORDER

*Pro se* plaintiff Carl Edward Dotson, an Arkansas Division of Correction

("ADC") inmate, filed this 42 U.S.C. § 1983 case. *Doc. 2*. This Order identifies

problems in the complaint and gives him the opportunity to file an amended

complaint.

## I.    Mr. Dotson's Complaint Allegations

Mr. Dotson's complaint alleges that: (1) in February 2026, he was wrongfully

denied the opportunity to serve on the regional maintenance team by Classification

Officer Cowgill due to a false criminal conviction for felony fleeing;[1] (2) in March

2026, he was the victim of racial discrimination when Horse Rider Sergeant Felton

denied him the opportunity to take a water break while working on the garden

squad;[2] (3) in February 2026, Records Administrator P. McNulty sent him a

---

[1] Mr. Dotson explains that twenty years ago, he was convicted of misdemeanor fleeing, rather than felony fleeing, and that he should be eligible to serve on the regional maintenance team. *Doc. 2 at 4*.

[2] To state a claim of racial discrimination, Mr. Dotson must allege (1) he was treated differently from similarly situated inmates; and (2) the different treatment was the result of

sentencing order for his state-court criminal conviction that failed to indicate whether his fleeing conviction was a felony or a misdemeanor; (4) unidentified ADC officials have retaliated against him for filing grievances;[3] (5) unidentified ADC officials have discriminated against him; (6) Warden T. Hurst refused to investigate the March 2026 incident involving Sergeant Felton;[4] (7) unidentified ADC officials

intentional and purposeful racial discrimination. See *In re Kemp*, 849 F.3d 900, 909 (8th Cir. 2018) *Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 815 (8th Cir. 2008). An isolated incident of unequal treatment is insufficient to show that an individual was "systematically and intentionally treated differently." See e.g., *Weiler v. Purkett*, 137 F.3d 1047, 1051 (8th Cir. 1998) ("A few individual examples of unequal treatment are insufficient to provide more than minimal support to an inference of classwide purposeful discrimination.") (cleaned up). See also *Thrash v. White,* No. 5:09-CV-00095, 2010 WL 6749181, at *3 (E.D. Ark. Dec. 23, 2010), report and recommendation adopted, No. 5:09-CV-00095, 2011 WL 2110372 (E.D. Ark. May 27, 2011) ("An isolated example of unequal treatment is insufficient to establish that the difference in treatment was motivated by Plaintiffs' membership in a protected class, or that it burdened a fundamental right.").

[3] To state a retaliation claim, Mr. Dotson must allege that: (1) he engaged in constitutionally protected activity; (2) a specific Defendant took adverse action against him that would chill a person of ordinary firmness from engaging in that activity; and (3) retaliation was a motivating factor for the adverse action. *Lewis v. Jacks*, 486 F.3d 1025, 1028 (8th Cir. 2007); *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004) (internal citation omitted) (holding that an inmate "must show that impermissible retaliation was the actual motivating factor for his transfer"). Moreover, allegations of retaliation must be more than speculative and conclusory. *Antonelli v. Tipton*, 356 Fed. Appx. 903, 904 (8th Cir. 2009) (per curiam) (holding that plaintiff "failed to state a retaliation claim because he . . . failed to allege which defendants were involved in or affected by his grievances.").

[4] Mr. Dotson has no constitutional right to an internal investigation. See, e.g. *Vinyard v. Wilson*, 311 F.3d 1340, 1356 (11th Cir. 2002) ("[Plaintiff] does not cite, nor have we found, any federal or state court decision, statute, regulation or other source of law that gives [her] an entitlement to an internal investigation by the Sheriff's Office of her complaints of police brutality."); see also *Hendrickson v. Schuster*, No. 5:16-CV-05057, 2018 WL 1597711, at *12 (W.D. Ark. Apr. 2, 2018) (finding no constitutional claim based on prisoner's allegation that county failed to adequately investigate his sexual assault complaint); *Jacoby v. PREA Coordinator*, No. 5:17-cv-00053, 2017 WL 2962858, at *4-5 (N.D. Ala. Apr. 4, 2017) (holding that an alleged failure to investigate the plaintiff's allegations of being held hostage, beaten, and raped by other inmates, combined with a failure to properly collect evidence and comply with PREA's requirements, were insufficient to state any constitutional violations).

2

have violated various ADC policies;[5] and (8) his due process rights have been violated by the "Calico Rock Administration" which relied on a false felony fleeing charge in determining his eligibility to participate in a work release program.[6] *Id. at 16.* Mr. Dotson sues Defendants Cowgill, Hurst, McNulty, and Felton in their individual and official capacities seeking injunctive relief.[7]

Mr. Dotson's complaint includes various claims arising at different time periods and involving different Defendants. Many claims appear to be unrelated. Mr. Dotson may not pursue multiple claims that are factually and legally unrelated in a single lawsuit. See FED. R. CIV. P. 20(a)(2) (multiple defendants may be joined in

---

[5] Failing to follow prison policies or procedures is not conduct that rises to the level of a constitutional violation. *McClinton v. Arkansas Dep't of Corr.*, 166 Fed. Appx. 260 (8th Cir. 2006) (citing *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996)).

[6] A prisoner does not have a constitutional right to release on parole or participation in discretionary prison programs that might increase his chance for being released on parole. See *Greenholtz v. Inmates of the Neb. Penal and Corr. Complex*, 442 U.S. 1, 9-11 (1979); *Persechini v. Callaway*, 651 F.3d 802, 807-08 (8th Cir. 2011); *Mahflouz v. Lockhart*, 826 F.2d 791,793-94 (8th Cir. 1987).

[7] Mr. Dotson may not obtain injunctive relief from Defendants in their individual capacity. See *Strutton v. Hacker*, No. 4:23-CV-01134-SPM, 2025 WL 26682, at *5 (E.D. Mo. Jan. 3, 2025) ("Although the Court has found no Eighth Circuit cases addressing the issue of whether the plaintiff in a § 1983 case can obtain injunctive relief from a defendant in his or her individual capacity, cases from other courts [support that position]" (citing *Brown v. Montoya*, 662 F.3d 1152, 1161 n.5 (10th Cir. 2011) ("Section 1983 plaintiffs may sue individual-capacity defendants only for money damages and official-capacity defendants only for injunctive relief."); *Greenawalt v. Ind. Dep't of Corr.*, 397 F.3d 587, 589 (7th Cir. 2005) ("[S]ection 1983 does not permit injunctive relief against state officials sued in their individual as distinct from their official capacity."); C*mty. Mental Health Servs. of Belmont v. Mental Health & Recovery Bd. Serving Belmont, Harrison & Monroe Ctys.*, 150 F. App'x 389, 401 (6th Cir. 2005) ("Just as a plaintiff cannot sue a defendant in his official capacity for money damages, a plaintiff should not be able to sue a defendant in his individual capacity for an injunction in situations in which the injunction relates only to the official's job, i.e., his official capacity.").

one lawsuit only if the claims against them arise "out of the same transaction, occurrence, or series of transactions or occurrences," and involve "any question of law or fact common to all defendants"). Instead, Mr. Dotson must choose which related claims he wishes to pursue in his case. He is free to pursue unrelated claims by filing one or more new lawsuits.

The Court will delay the screening process[8] to give Mr. Dotson an opportunity to file an amended complaint bringing only related claims. If Mr. Dotson fails to file an amended complaint, the Court will screen Mr. Dotson's current complaint, which will likely result in the dismissal of many of Mr. Dotson's proposed claims.

## II.   Guidelines for Filing Amended Complaint

Mr. Dotson has thirty days to file an amended complaint. If Mr. Dotson files an amended complaint, he should specifically: (1) include only related claims; (2) identify and name as Defendants any individual he wishes to sue and explain what each named Defendant did or failed to do that violated his constitutional rights; and

---

[8] Screening is mandated by the Prison Litigation Reform Act, which requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion hereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

(3) describe any injury he suffered as a result of each Defendant's alleged unconstitutional conduct.

Mr. Dotson's amended complaint, if filed, will supersede or replace the current complaint. See *In re Atlas Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000) (an amended complaint supersedes an original complaint and renders the original complaint without legal effect). So, Mr. Dotson should make sure that his amended complaint includes all allegations relevant to any claim he wants to pursue in this lawsuit. Mr. Dotson should not rely upon, or incorporate by reference, any allegations made in his original complaint. In other words, Mr. Dotson's amended complaint, if filed, will stand alone.

Finally, in his amended complaint, Mr. Dotson need only include a "short and plain statement" showing that he is entitled to relief, with factual allegations that are "simple, concise, and direct." FED. R. CIV. P. 8(a)(1) & (d). At this stage, there is no need to identify witnesses or to describe evidence that he may rely on later to prove his claim.

### III.    Conclusion

For the reasons explained above,

IT IS THEREFORE ORDERED THAT:

1.    Mr. Dotson may file an amended complaint within thirty (30) days of the entry of this Order.

5

2.     If Mr. Dotson fails to file an amended complaint, the Court will screen his original complaint, which is likely to result in the dismissal, without prejudice, of many of the claims raised in this case.

3.     The Clerk is instructed to provide Mr. Dotson a blank 42 U.S.C. § 1983 complaint form, along with a copy of this Order.

Dated 30 June 2026.

_____
UNITED STATES MAGISTRATE JUDGE