# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

**CARL EDWARD DOTSON**                                                              **PLAINTIFF**
**ADC #122778**

**V.**                                        **NO. 3:26-cv-185-DPM-ERE**

**COWGILL,** *et al.*                                                              **DEFENDANTS**

## <u>ORDER</u>

*Pro se* plaintiff Carl Edward Dotson, an Arkansas Division of Correction ("ADC') inmate, filed this 42 U.S.C. § 1983 case. *Doc. 2*. Because Mr. Dotson's original complaint was deficient, I provided him an opportunity to file an amended complaint including only related claims. *Doc. 4*. Mr. Dotson has now filed a motion to amend his complaint and two amended complaints.[1] *Docs. 5, 6, 7*. Mr. Dotson's proposed claims again relate to various events that arose at different times and involve different Defendants. Based on these multiple filings, it unclear on which claims Mr. Dotson seeks to pursue in this lawsuit.

For a second time, Mr. Dotson is advised that he may not pursue multiple claims that are factually and legally unrelated in a single lawsuit. FED. R. CIV. P. 20(a)(2) (multiple defendants may be joined in one lawsuit only if the claims against

---

[1] In his motion to amend his complaint, Mr. Dotson appears to assert claims against Defendants Hurst, Cowgill, Giger, McNulty, and Ginger. *Doc. 5 at 2*. In his first amended complaint, Mr. Dotson names Defendant Giger as the only Defendant. *Doc. 6 at 1*. In his second amended complaint, Mr. Dotson names Defendant Hurst as the only Defendant. *Doc. 7 at 1*.

them arise "out of the same transaction, occurrence, or series of transactions or occurrences," and involve "any question of law or fact common to all defendants"). He is free to file multiple lawsuits to pursue numerous unrelated constitutional violations, but he can't pursue them all in a single lawsuit.

Mr. Dotson's amended complaint, if filed, will supersede or replace the current complaint. See *In re Atlas Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000) (an amended complaint supersedes an original complaint and renders the original complaint without legal effect). So, Mr. Dotson should make sure that his amended complaint: (1) includes all allegations relevant to any claim he wants to pursue in this lawsuit; and (2) names as Defendants those individuals he seeks to hold liable for any alleged constitutional injuries that he has suffered. Mr. Dotson should not rely upon, or incorporate by reference, any allegations made in his current complaints. In other words, Mr. Dotson's amended complaint, if filed, will stand alone.

IT IS THEREFORE ORDERED THAT:

1.     Mr. Dotson may have a second and final opportunity to file an amended complaint containing only related claims.[2]

2.     Mr. Dotson has thirty days to file his amended complaint.

---

[2] As I previously advised Mr. Dotson, if he continues to attempt to pursue unrelated claims in a single lawsuit, I may select a claim (or related claims) for him and recommend dismissal of all other claims.

2

3.     If Mr. Dotson fails to file an amended complaint containing only related claims, I will screen Mr. Dotson's amended complaints, which is likely to result in the dismissal of some of his claims.

4.     Mr. Dotson's motion to amend his complaint (*Doc. 5*) is DENIED, as moot.

Dated 24 July 2026.

_____
UNITED STATES MAGISTRATE JUDGE